UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW MEXICO

In re: Brenda C. Price, a/k/a Bren Price;            No. 11-05-10321 MS
Brenda Price; d/b/a Touchstone Residential
Gallery; Touchstone Inn, Spa & Gallery; Bren
Price Studio; and Bren Price Enterprises,

Debtor.

## ORDER DENYING MOTION TO RECONSIDER

THIS MATTER is before the Court on the Motion to Reconsider and Set Aside the Court's Finding Regarding Authority of Mr. Hughson, Esq. To Stipulate with J. P. Morgan Chase Regarding Automatic Stay as Well as the Court's Order Granting Morion for Relief from Stay Filed by J.P. Morgan Chase ("Motion") filed on October 17, 2008 by the Debtor, Brenda Price, by and through her attorney, Thomas L. Dunigan. (Docket No. 314). The Debtor asks the Court to reconsider its ruling in the following orders: 1) Order Determining that Debtor's Former Counsel had Authority to Enter into Stipulation with JPMorgan Chase Regarding Automatic Stay ("Authority Order") entered September 17, 2008; and 2) Stipulated Order on Creditor's Motion for Relief from Stay ("Stipulated Order") entered September 18, 2008.[1] Because the Motion was filed more than 10 days but within one year of the entry of the Authority Order and the Stipulated Order, the Court will consider the Motion under the standards of Rule 60(b), Fed.R.Civ.P. made

---

[1] The Debtor has also filed a separate motion requesting that the Stipulated Order be set aside. *See* Docket No. 313.

1

applicable to bankruptcy proceedings by Rule 9024, Fed.R.Bankr.P.[2]

> Rule 60(b) provides in relevant part:
>
> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); [or] (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party . . .

Relief under Rule 60(b) is an extraordinary remedy and may be granted only in exceptional circumstances. *See Cashner v. Freedom Stores, Inc.*, 98 F.3d 572, 576 (10th Cir.1996)(quoting *Bud Brooks Trucking, Inc. v. Bill Hodges Trucking Co.,* 909 F.2d 1437, 1440 (10th Cir. 1990)). A Rule 60(b) motion is not an appropriate vehicle to re-argue the merits of the underlying judgment, to advance new arguments which could have been presented in the original motion papers, or as a substitute for appeal. *See id.* at 576 and 577.

       The Debtor does not cite to Rule 60(b), nor identify which provision of that rule forms the basis of her request. Rather, Debtor alleges that her former counsel had no specific authority to enter into a stipulation with JP Morgan Chase on her behalf and that no factual evidence was presented to the Court as to her former counsel's authority to enter into the stipulation that resulted in the entry of the Stipulated Order. Upon a proper showing, lack of settlement authority can serve as grounds to set aside a judgment under Rule 60(b), Fed.R.Civ.P. *See Thomas v. Colorado Trust Deed Funds, Inc.,* 366 F.2d 136 (10th Cir. 1966); *Smith v. Widman Trucking & Excavating, Inc.,* 627 F.2d 792, 796 (7th Cir. 1980).

---

[2] "A motion under Rule 60(b) must be made within a reasonable time -- and for reasons (1), (2), and (3) no more than a year after the ent4ry of the judgment or order or the date of the proceeding." Rule 60(b), Fed.R.Civ.P.

2

Based on the record of this proceeding, the history leading up to the entry of the Authority Order and the Stipulated Order is as follows:

JP Morgan Chase filed a Motion for Relief from Stay ("Stay Motion") on June 9, 2008. Ms. Price, by her counsel, Charles Hughson, filed an objection to the Stay Motion on June 20, 2008. *See* Docket No. 285. At the preliminary hearing on the Stay Motion, the Court set a final hearing on August 26, 2008. On August 26, 2008, Mr. Charles Hughson, Debtor's then counsel, filed a withdrawal and substitution of counsel by which Mr. Dunigan became Ms. Price's counsel of record. *See* Docket No. 297. Mr. Dunigan appeared at the final hearing on the Stay Motion and asserted that Ms. Price's former counsel lacked authority to enter into a stipulation with JP Morgan Chase regarding the automatic stay. The Court set a final hearing on September 17, 2008 to consider that issue.

As noted by the Court in the Authority Order, neither the Debtor nor her then, newly-retained counsel, Mr. Dunigan, appeared at the date and time of the final hearing on September 17, 2008 to contest the authority of her former counsel to enter into the stipulation. On the date of the hearing, but after its conclusion, the Debtor filed a trial memorandum which addresses the same lack of authority arguments raised in the instant Motion. The memorandum is directed at the general scope of authority between an attorney and his or her client, which does not grant the implied or apparent authority to compromise the client's cause of action simply by virtue of the attorney's employment by the client. *See, e.g., Augustus v. John Williams and Associates,* 92 N.M. 437, 589 P.2d 1028 (1979).

As part of the instant Motion, Ms. Price submitted an affidavit which states that she first received notice of Mr. Hughson's stipulation with America's Wholesale Lender and JP Morgan

3

Chase on August 12, 2008 when she received a letter dated July 28, 2008 that was postmarked on August 11, 2008. The Stipulated Order between J.P. Morgan Chase and the Debtor reflects that Mr. Hughson gave telephonic approval of the Stipulated Order on August 19, 2008. Nothing in Ms. Price's Affidavit contradicts the conclusion that Mr. Hughson had authority to enter into the stipulation on August 19, 2008. The Withdrawal and Substitution of Counsel for Debtor which authorized the withdrawal of Mr. Hughson and substituted Mr. Dunigan as Debtor's counsel was not filed until August 26, 2008. As stated by the Tench Circuit Court of Appeals,

> The law is settled that an attorney of record may not compromise, settle, or consent to a final disposition of his client's case without express authority. However, this general principle must be considered in connection with the rule that an attorney of record is presumed to have authority to compromise and settle litigation of his client, and a judgment entered upon an agreement by the attorney of record will be set aside only upon affirmative proof by the party seeking to vacate the judgment hat the attorney had no right to its entry.
>
> *Thomas v. Colorado Trust Deed Funds, Inc.,* 366 F.2d at 139 (citations omitted).

Ms. Price has failed to present evidence that her former counsel acted without her consent. Though she raised the issue at the final hearing on JP Morgan's Motion for Relief from Stay, held August 26, 2008, she failed to timely appear at the final hearing on September 17, 2008 to offer evidence in support of her contention.

WHEREFORE, it is hereby ordered that the Motion is DENIED.

_____
MARK B. McFEELEY
UNITED STATES BANKRUPTCY JUDGE

Date entered on docket: May 13, 2009

4

Case 05-10321-j11    Doc 315    Filed 05/13/09    Entered 05/13/09 10:08:12 Page 4 of 5

Copies to:

Thomas Lea Dunigan
PO Box 9846
Santa Fe, NM 87504-9846

Sharon Hankla
Attorney for JPMorgan Chase
Castle Meinhold & Stawiarski, LLC
999 18th Street, Suite 2201
Bin 1
Denver, CO 80202

Office of the United States Trustee
PO Box 608
Albuquerque, NM 87103

5